STATE of Missouri,
Plaintiff-Respondent,

v.

Rodnie STEWART, a/k/a Herbert A.
Chastain, Defendant-Appellant.

Nos. 49543, 49545.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 16, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Mark V. Clark, Daniel J. Pingelton, Columbia, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Rodnie Stewart, a/k/a Herbert A. Chastain, was jury convicted of capital murder, § 565.001, RSMo. 1978 [1] and was sentenced to fifty years imprisonment without eligibility for probation or parole. § 565.008, RSMo. 1978.[1]

Defendant claims the trial court erred in: (1) overruling defendant's motion for new trial because there was insufficient evidence of premeditation to support a conviction of capital murder; (2) overruling defendant's motion for a bill of particulars; (3) overruling defendant's motion to quash the indictment because the grand jury was illegally convened, and; (4) refusing to submit a jury instruction on mental defect. Affirmed.

From the evidence presented the jury could have found the following facts. On February 3, 1984, defendant and two other inmates at the Missouri State Penitentiary in Jefferson City approached the victim, Arthur Dade, another inmate, while proceeding from their cells to lunch in the dining hall. Defendant was seen running toward the victim and against the flow of traffic. Defendant was carrying a cup of hot liquid. Defendant threw the hot liquid into the face of the victim. Dade immediately put his hands to his face while defendant grabbed him from the front and two other inmates grabbed him from behind and forced him to the floor. One of the two inmates held the victim's hands while defendant hit him and the other inmate stabbed him four times in the chest and once in the arm with an ice-pick type weapon. The victim died immediately as a result of stab wounds to the heart and lung.

■ Defendant claims there was insufficient evidence of premeditation to support the conviction of capital murder. Premeditation means thought of beforehand for any length of time, however short, or more simply that the accused thought about what he was about to do before he did it. § 565.001; *State v. Eggers*, 675 S.W.2d

923, 927 (Mo.App.1984). The state need not produce direct evidence of a defendant's premeditation and deliberation; instead mental elements establishing murder may be proved by indirect evidence and inferences reasonably drawn from the circumstances surrounding the slaying. *State v. Gilmore*, 661 S.W.2d 519, 525 (Mo. banc 1983), *cert. denied*, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).

In reviewing the record we accept as true all evidence and reasonable inferences that tend to support the verdict, disregarding all contrary evidence and inferences. *State v. Story*, 646 S.W.2d 68, 72 (Mo.banc 1983). In circumstantial evidence cases, the court must determine whether the circumstances and facts upon which the state relies are consistent with each other, consistent with guilt and inconsistent with any reasonable theory of innocence. *State v. Prier*, 634 S.W.2d 197, 199 (Mo.banc 1982). It is not our function to substitute our judgment for that of the jury, but rather to determine whether the evidence considered in the light most favorable to the state is sufficient to support the verdict. *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980).

■ Sergeant Flowers testified that on the day of the murder he was supervising the unit where the murder occurred. He was controlling the opening and closing of the cell doors to allow inmates to proceed to the dining hall. He saw the defendant exit his cell holding a cup with steaming liquid. He testified that defendant was violating institutional rules because he was on "one walk" instead of "two walk." Defendant was in the wrong place. He saw the defendant run up to the victim and throw something in his face while two other inmates jumped on the victim.

Officer Maylee also witnessed the events that preceded the murder. His duty on the day of the murder was to observe the inmate flow of traffic to and from the dining hall. He testified that he saw three inmates including the defendant run opposite the flow of traffic. He witnessed the defendant throw something in the face of the

1. These sections were repealed effective October 1, 1984.

victim. Immediately two other inmates jumped on the victim and one stabbed the victim with an ice-pick.

From this testimony the jury could infer that the defendant in a concerted action planned the assault and death of inmate Dade. The assault was premeditated and coordinated. The evidence and resulting inferences established the required mental state defined in § 562.041.1(2) RSMo 1978. The recent finding in *State v. Roberts*, 709 S.W.2d 857 (Mo. banc 1986) is decisive here. "Considering the circumstances including appellant's actions before, during and after the assault, *State v. Connor*, 651 S.W.2d 550, 555–56 (Mo.App.1983), a valid inference may be drawn establishing the required mental state." *Roberts*, Slip. op. p. 862.

The facts support submission of MAI–CR2d 2.12 modified by MAI–CR2d 15.02. The verdict directing instruction on capital murder was in this form. Defendant was responsible for his own conduct and the conduct of the other two inmates "if he (acted) with them with the common purpose of committing (capital murder), or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it." MAI–CR 2.12. The jury so found and further found that defendant acted with or aided the other inmates in causing death after fully and cooly reflecting on the matter. There is no dispute that the assault was premeditated. The assault was a single continuous event resulting in death. Point denied.

■ Defendant's second point claims the trial court erred in overruling defendant's motion for a bill of particulars. Specifically, defendant asserts he was denied his right to prepare an adequate defense because deposition testimony revealed conflicting statements which may have described different forms of defendant's participation in the murder. Defendant was charged on February 4, 1984 by indictment. He was arraigned on February 23, 1984, and filed the motion for particulars on August 6, 1984. The trial court found the indictment was sufficient and denied the motion.

Defendant has not furnished this court with the deposition testimony by which he contends alternative or conflicting lines of proof may be found. We cannot review this contention on facts not presented in order to determine whether the trial court was right or wrong as a matter of fact. We find no error as a matter of law. The indictment follows the language of the capital murder statute, § 565.001 RSMo 1978. The indictment charges the essential elements of capital murder and sufficiently informed defendant of the nature of the charge. Rule 23.01; *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983), *appeal after remand*, 697 S.W.2d 172 (Mo.1985). We observe the requirements of *State v. Mitchell*, 611 S.W.2d 223, 225 (Mo. banc 1981) were met and denial of the motion was not an abuse of discretion. *State v. Cox*, 352 S.W.2d 665, 672 (Mo.1962).

■ Defendant's third point claims the trial court erred in overruling defendant's motion to quash the indictment because the grand jury was illegally convened. Defendant challenges the composition of the grand jury on the grounds that Liberty township (in Cole County) was not represented in the grand jury.

Section 540.020(1), RSMo. 1978, states in pertinent part: "And if the said order shall require the sheriff of said county to select said grand jury, the clerk shall issue a special venire and deliver the same to the sheriff and he shall forthwith proceed to select the same, *selecting them as nearly equal from each township in said county as possible.*" (emphasis ours).

The sheriff who selected the jurors testified that "the people were picked from the townships and wards of the county, as near a cross-section of the population as representation as we could find." He admitted that Liberty township was not represented but that occurred only because the juror selected to serve from Liberty township was moving to St. Louis.

■ To prove a fair cross-section violation has occurred the defendant must show that (1) the group excluded is a "distinctive" group within the community; (2) the

representation of this group is not fair and reasonable, is not reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury selection process. *State v. Garrett,* 627 S.W.2d 635, 638–39 (Mo.banc 1982), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982).

 "Representativeness does not mean that all grand juries must include members of each and every identifiable community group. Nor does the representativeness requirement demand exact proportional representation for the various community groups. Similar in effect to these pronouncements is the [Supreme] [C]ourt's position that the composition of a single grand jury may not provide adequate grounds for a test of representativeness, but that a sequence of jury panels or venires may have to be considered." *Garrett,* 627 S.W.2d at 639, *citing* Spenlich and Jaspovice, *Grand Juries, Grand Jurors, and the Constitution,* 1 Hast. Con. L.Q. 63, 88 (1974). A particular grand jury need not be a mirror of the community from which it is drawn, nor need it reflect perfect proportions of each identifiable group in the community. *State v. Davidson,* 583 S.W.2d 208, 211 (Mo.App.1979).

Defendant fails to meet the requirements of illegality as set forth in *Garrett.* These principles have application to the requirements of § 540.020(1) RSMo 1978. Additionally, the record supports the court's finding that the sheriff substantially complied with § 540.020(1) where all townships were initially selected but prevailing circumstances prevented the juror from Liberty township from serving.

Defendant's final point asserts trial court error in refusing to give a mental defect instruction. Defendant failed to preserve this point for appellate review by not objecting at the instruction conference or in his motion for new trial. Rule 29.-11(d); *State v. Smith,* 665 S.W.2d 663, 667 (Mo.App.1984). Our review of this issue is limited to an examination for manifest injustice. *State v. Foerstel,* 674 S.W.2d 583, 592 (Mo.App.1984).

A psychiatrist testified that defendant suffered from depression but he was capable of understanding right from wrong. He unequivocally stated the defendant had the ability to form an intent to kill and the ability to assist in his own defense.

A person is presumed to be free from such mental disease or defect as will preclude responsibility. § 552.030, RSMo. Cum. Supp. 1982. This presumption is conclusive unless substantial evidence is introduced that defendant lacks responsibility. *Id.; State v. Thomas,* 625 S.W.2d 115, 124 (Mo.1981). The evidence relied upon by defendant did not constitute substantial evidence of mental defect and it is not error to refuse an instruction that lacks evidentiary support. *State v. Moore,* 620 S.W.2d 56, 57 (Mo.App.1981). *See also State v. Shaw,* 636 S.W.2d 667, 672–673 (Mo.banc 1982), *cert. denied,* 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). We find no error plain or otherwise.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.