**James L. BAILEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54112.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Robert Craig Wolfrum, Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, James L. Bailey, appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant was convicted by a jury of first degree burglary, attempted rape, and armed criminal action. Movant received five, fifteen, and ten year sentences, respectively, all sentences to be served consecutively. Movant forcibly entered the home of his victim, attempted to rape her, and twice cut her with a knife

during the attack. This court affirmed the conviction on direct appeal. *State v. Bailey*, 714 S.W.2d 590 (Mo.App., E.D.1986). In his Rule 27.26 motion, movant alleged ineffective assistance of counsel resulting from counsel's failure to object to a witness' reference to movant's alleged post-arrest silence. On this appeal movant argues that the motion court erred in denying his motion. We affirm.

██ Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D.1987). We next evaluate movant's claim in light of these principles.

██ Movant argues on appeal that his trial counsel was ineffective for failing to object to the testimony of Officer Doug Dunham of the O'Fallon Police Department. During direct examination of Officer Dunham, the prosecutor elicited testimony from Dunham regarding the post-arrest interrogation of movant. Officer Dunham testified that during the initial interrogation, movant denied having committed the crime and stated that he would talk and had nothing to hide. Upon further questioning, movant denied having committed the crime several times. After Officer Dunham informed movant that the police had collected quite a bit of evidence and possibly his fingerprints, Dunham said several times, "Jim, if you didn't do it tell me right now and I'll quit." Dunham testified that movant declined to give any statements denying the charges. Movant then requested some time alone to think. After twenty minutes of reflection, movant made oral and written statements admitting the charges.

Movant asserts that Officer Dunham's testimony regarding movant's failure to deny the charges constituted impermissible references to movant's post-arrest silence. Therefore, movant argues, it was ineffective assistance of counsel for defense counsel to fail to object to this testimony. Generally, evidence of post-arrest silence is inadmissible as affirmative proof or to impeach the defendant's testimony. *State v. Mathenia*, 702 S.W.2d 840, 842 (Mo. banc), *cert. denied*, 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574 (1986). But where the references to the alleged post-arrest silence are preliminary to the admission into evidence of the defendant's confession, an invasion of the accused's constitutional rights does not occur. *Mathenia*, 702 S.W.2d at 842. If an accused makes statements after he has been taken into custody and has been advised of his *Miranda* rights, he has elected not to remain silent and has waived his right not to do so. *State v. Frentzel*, 717 S.W.2d 862, 866 (Mo.App., S.D.1986). Thus the rule against admitting evidence of post-arrest silence does not apply to the case before us. Therefore it was not ineffective assistance when counsel did not make an objection that was nonmeritorious as a matter of law.

Finding movant's arguments to be without merit, the denial of his Rule 27.26 motion is affirmed.

REINHARD and CRIST, JJ., concur.