STATE of Wisconsin, Plaintiff-Respondent,

v.

Clark E. VARNELL, Defendant-Appellant.†

Court of Appeals

*No. 89–0566. Submitted on briefs September 15, 1989.—Decided November 22, 1989.*

(Also reported in 450 N.W.2d 524.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

SCOTT, J. Clark E. Varnell appeals the denial of his postconviction relief motion which challenged the trial judge's sentencing procedure. Finding no error in the judge's having formulated a tentative sentence prior to formal sentencing, we affirm.

Varnell is not a stranger to this court. In 1985, Varnell pled guilty to one count of delivery of a controlled substance, repeater; one count of possession of a firearm by a felon, repeater; and two counts of aiding and abetting the delivery of a controlled substance, repeater. His sentence, the maximum allowed, totaled forty-one years in prison and $55,000 in fines.

Varnell proceeded to file a motion for reduction of sentence, alleging the sentence was unduly harsh and had been determined by reliance upon an irrelevant factor. In the decision denying the motion, the trial judge commented that he had prepared the sentencing note sheet the evening before sentencing. This prompted Varnell to raise a new, additional issue on appeal: whether the trial court's presentencing consideration of the term

to be imposed denied Varnell his right to allocution at sentencing.

Denying relief based on the other issue on appeal, this court declined to address the merits of the predetermined sentence issue, though we held it was not waived. *State v. Varnell,* Nos. 85–2206–CR and 85–2207–CR, unpublished slip op. at 7 (Wis. Ct. App. July 2, 1986). Concluding that the trial court should be afforded the chance to explain its comments, we suggested that Varnell could raise the issue under sec. 974.06, Stats.[1] Slip op. at 8.

Varnell did just that.[2] The motion was denied and he appeals.

On appeal, Varnell first claims he was denied his right of allocution and was thereby denied a fair sentencing proceeding. He contends that the trial judge, by tentatively deciding in advance to impose the maximum sentence and not communicating that inclination to Varnell, in effect prevented Varnell from speaking against the sentence in any meaningful way. We do not agree.

[1]Generally, when a sentence is within the statutory maximum or otherwise within the statutory power of the court, the question of abuse of discretion in sentencing cannot be raised under sec. 974.06, Stats. *Smith v. State,* 85 Wis. 2d 650, 661, 271 N.W.2d 20, 25 (1978). Here, the state concedes that the unique procedural history obliges us to address Varnell's sentencing challenge even though raised under sec. 974.06. However, the state also asks us to rule that, in general, this is not the proper avenue by which to remedy such a claim. Despite the state's urging, we do not now decide whether a sec. 974.06 proceeding is appropriate; we address only the merits of the issue here.

[2]Before filing his motion for relief under sec. 974.06, Stats., Varnell unsuccessfully challenged this court's refusal to reach the merits of the dispute in the direct appeal. *Varnell v. Young,* 839 F.2d. 1245 (7th Cir. 1988).

We do agree that it is inappropriate for a court to approach sentencing decisions with an inflexibility that bespeaks a made-up mind. *State v. Halbert,* 147 Wis. 2d 123, 128, 432 N.W.2d 633, 635 (Ct. App. 1988). But a proper exercise of discretion contemplates that a court will give advance thought to the particular crime, the criminal and the community. *See id.* at 128–29, 432 N.W.2d at 635. Furthermore, we start with the presumption that the trial court acted reasonably in imposing sentence, and the defendant bears the burden of showing in the record an unreasonable or unjustifiable basis for the sentence. *State v. Spears,* 147 Wis. 2d 429, 446, 433 N.W.2d 595, 603 (Ct. App. 1988).

A review of the sentencing transcript persuades us that Judge Schroeder considered the factors necessary to a proper exercise of sentencing discretion. He discussed at length the nature of the crime, Varnell's character and lengthy criminal record, and the need to protect the public—all relevant considerations. The term imposed was not statutorily excessive. We detect no abuse of discretion in the sentence itself.

Section 972.14, Stats., the codification of the common-law right to allocution, provides that a defendant shall be asked whether he or she wishes to make a statement before being sentenced. In addition to having counsel argue on his behalf, Varnell was also given the opportunity to speak. When expressly asked if he had anything to say about the sentence, Varnell unequivocally answered, "No." Moreover, the judge refused to allow the prosecutor to comment after that point, stating that it is the court's "inalterable practice, to permit the defendant the last word."

Varnell complains that despite being given the opportunity to speak, the judge's forethought, reflected

338

in the sentencing form, was such that the sentence meted out was in fact a *fait accompli.* The postconviction motion transcript reveals the court's rationale for its use of the sentencing form in preparation for the formal sentencing procedure:

> I cannot more fully agree with the proposition that the presentation by the attorneys and by the defendant is critical to the process of arriving at a correct sentence . . .. [I]t is not at all uncommon in this court for me to have marked a sentence down as the—what is marked down by the way on the sheet is a tentative statement. That was a good word to use for it, that you used, Mr. Vetzner [public defender], is a tentative sentence. It's not at all unusual for that to be altered up or down . . .. I would venture to say that fully 25 per cent of the sentencings that I handle, the sentence differs from what I have calculated in advance. I don't mean to say that I am stuck 75 per cent and decided that that's the way the sentence is going to be. I am just saying that what was said did not alter my perception of the case or what was appropriate. It is not at all uncommon to have a sentence very different from what I had anticipated, what I had written down in advance.

■■

We are satisfied that the cumulative effect of the court's statement, its invitation to Varnell to speak, and its adherence to its policy of affording the defendant the last word constituted a proper exercise of discretion. We conclude that, under these facts, the court's tentative decision bespoke not forsworn inflexibility, but the deliberate consideration the "awesome responsibility" of sentencing requires. *See Halbert,* 147 Wis. 2d at 127, 432 N.W.2d at 635.

Varnell next contends that the judge's actions violated Varnell's rights to due process and effective assistance of counsel. The state, by contrast, contends that the right of allocution has no due process component, citing *United States v. White,* 869 F.2d 822, 825 (5th Cir.), *cert. denied,* 109 S. Ct. 3172 (1989) (a criminal defendant has no due process right to present mitigating factors prior to sentencing). We agree that due process inheres in the right of allocution at sentencing, but we are not persuaded that any such right was abridged in this case.

At a sentencing hearing, one of the defendant's due process rights is to be present at the hearing and to be afforded the right of allocution. *Bruneau v. State,* 77 Wis. 2d 166, 174, 252 N.W.2d 347, 351 (1977); *see also Currie v. Schwalbach,* 139 Wis. 2d 544, 565, 407 N.W.2d 862, 871 (1987). Here, Varnell was afforded the opportunity to personally speak. That he chose not to exercise it is not a denial of due process. *See Reimer v. Reimer,* 85 Wis. 2d 375, 377, 270 N.W.2d 93, 94–95 (Ct. App. 1978). Furthermore, given his lengthy and serious criminal record, Varnell's claim that he might have crafted a different argument had he "known" the court was considering imposing the maximum sentence strikes us as evidence of naivete, not of a violation of due process.

Varnell's ineffective assistance of counsel claim likewise fails. To sustain such a claim, Varnell would have to show both that his attorney's conduct was deficient and that the deficient performance denied him a fair and reliable result. *State v. Van Straten,* 140 Wis. 2d 306, 320, 409 N.W.2d 448, 454 (Ct. App.), *cert. denied,* 484 U.S. 932 (1987).

He asserts, citing *United States v. Pinkney,* 551 F.2d 1241 (D.C. Cir. 1976), that counsel may be ineffective at sentencing if he or she is unaware of all the material and documents which may influence the judge's disposition. *Id.* at 1249–50. That may be so, but those are not the facts before us. Failure to divine the judge's thought processes is not the same as counsel's being ignorant of materials relevant to the sentencing, nor does it render counsel's assistance ineffective. Furthermore, Varnell himself acknowledges that the outcome only "may have [been] affected" by counsel's "naive presentation." Under *Van Straten,* "may" is not enough. Since neither deficiency of performance nor unfair prejudice was shown, Varnell's ineffective assistance of counsel claim fails.

Finally, Varnell raises an alternative argument on appeal. He asserts that even if the sentencing was not in fact unfair, the court's tentative decision so tainted the proceeding with the appearance of prejudgment that justice demands resentencing by a different judge. We reject this argument, too.

We will remand for resentencing only when it appears that no discretion was exercised in imposing the sentence or that the discretion was exercised without the underpinnings of an explained judicial reasoning process. *Cunningham v. State,* 76 Wis. 2d 277, 282–83, 251 N.W.2d 65, 68 (1977). We have already concluded that the sentencing procedure itself reflected a proper exercise of discretion. Varnell's contention that *United States v. Spudic,* 795 F.2d 1334 (7th Cir. 1986), supports his demand for resentencing does not persuade us to change our position.

In *Spudic,* the Seventh Circuit Court of Appeals found that the lower court's use of a "sentencing council" in determining an appropriate sanction lent to the sentencing hearing an impermissible aura of unfairness even though there was no evidence of actual impropriety. The court objected to the *ex parte* conferring between the judge and the probation officers on the council. *Id.* at 1343. It also expressed concern that the sentencing council might exert too great. an influence and cause the judge to abide by the council's consensus, making the open court hearing a mere formality. *Id.*

Here, there were no *ex parte* recommendations to which Varnell did not have the opportunity to respond. There was no appearance that a sentencing decision largely influenced, if not made, by outsiders was a foregone conclusion. The trial court's presentencing preparation in this case did not reduce the formal sentencing hearing to an empty ritual. Resentencing is unwarranted.

*By the Court.*—Order affirmed.