**Lonnie E. WOLFORD, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 41857.**

Missouri Court of Appeals,
Western District.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied
April 17, 1990.

Lonnie E. Wolford, Jefferson City, pro se.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

GAITAN, Judge.

Movant, Lonnie E. Wolford, appeals the denial of his Rule 29.15 Motion following an evidentiary hearing. The movant alleges that his claims of trial error and ineffective assistance of counsel entitle him to post-conviction relief. We affirm.

After trial by jury on February 6, 1987, the movant was found guilty of murder in the second degree, in violation of § 565.021.1 RSMo.1986, assault in the first degree, in violation of § 565.050 RSMo. 1986, and burglary in the first degree, in violation of § 569.160 RSMo.1986. On April 8, 1987, movant was sentenced to consecutive terms of thirty years imprisonment for murder in the second degree, fifteen years for assault in the first degree, and eight years for burglary in the first degree. This Court affirmed the appellant's convictions and sentences on direct appeal. *State v. Wolford*, 754 S.W.2d 875 (Mo.App.1988).

On April 10, 1986, defendant's estranged wife, Debra Wolford, resided with the Wolford's two children and Rick Blair at a trailer court in St. Joseph, Missouri. Distraught over the breakup of his marriage and embroiled in a bitter custody battle with his wife, the defendant went to Mrs. Wolford's trailer, attacked her, and inflicted a fatal gunshot wound to Rick Blair. The defendant then followed Mrs. Wolford as she ran for refuge to a neighbor's trailer, stabbing the owner, Robert Anderson, with a buck knife.

The movant filed a *pro se* post-conviction motion pursuant to Rule 29.15 on June 23, 1988. On August 24, 1988, defendant filed an amended Rule 29.15 motion. The motion court held an evidentiary hearing on December 2, 1988 and entered its order denying movant's motion on March 3, 1989.

This Court's review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

To prevail on a claim of ineffective assistance of counsel, a Rule 29.15 movant must show that his attorney's performance fell below the standard of care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances, and that the movant was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). There is a strong presumption that counsel's conduct and actions may be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065. In reviewing such claims the determination need not focus on whether the trial counsel's performance was deficient prior to examining the prejudice prong. *Id.* at 697, 104 S.Ct. at 2069; *Guinan v. State*, 769 S.W.2d 427, 428 (Mo. banc 1989).

### A.

In movant's first and second points on appeal, he contends that the motion court was clearly erroneous in its findings of fact and conclusions of law on the issue of the trial court's failure to give MAI–CR2d 2.50, Character of Defendant Bearing on Guilt or Innocence, and on the issue of the trial judge's allegedly improper conduct in that he entered the jury room as the jury deliberated in order to deliver the jurors their evening meal.

The above mentioned points relate to trial error. "Generally a claim of error which could or should have been raised on direct appeal is not cognizable in a post-conviction motion proceeding." *Richardson v. State,* 773 S.W.2d 858, 860 (Mo.App.1989); *Daniels v. State,* 751 S.W.2d 399, 401 (Mo.App. 1988). A movant seeking post-conviction relief pursuant to Rule 29.15 cannot raise matters of trial error without proving that the grounds amounted to constitutional violations and showing exceptional circumstances to justify not raising those grounds on direct appeal. *Rainwater v. State,* 770 S.W.2d 368, 371 (Mo.App.1989).

■ Points one and two of movant's appeal could have been raised on direct appeal but were not. Whereas these alleged errors do not rise to the level of constitutional violations and whereas the movant fails to show exceptional circumstances, we decline to consider movant's first or second points.

### B.

Movant's third point on appeal, containing eleven subpoints, alleges that the motion court clearly erred in denying postconviction relief on movant's claims of ineffective assistance of counsel.

Five of the movant's allegations of ineffective assistance of counsel center around one of movant's defenses at trial; pleading not guilty by reason of mental disease or defect. Movant contends that his trial attorney was ineffective for: (1) advising movant not to answer any questions during an examination by the court-appointed psychiatrist, Dr. Warrender, regarding the events of April 10, 1986; (2) failing to hire a private mental health expert to assist in presenting a defense of mental insanity; (3) failing to subpoena and call Dr. Warrender to testify on movant's behalf; (4) presenting a defense of not guilty by reason of mental defect or disease without presenting testimony on behalf of movant by a mental health expert; and (5) failing to object or request a mistrial when the trial judge indicated during a bench conference that he would not submit an instruction on mental disease or defect to the jury.

Movant's trial attorney, Daniel Radke, testified during the Rule 29.15 Evidentiary Hearing that he instructed the movant not to answer any questions of Dr. Warrender regarding the events of April 10, 1986, because any inconsistencies between movant's description to the doctor and movant's testimony at trial could be used for impeachment purposes. Radke testified that he hired a psychologist from Western Missouri Mental Health Center, Steve Mandracchia, to examine movant Wolford and to review the report prepared by Dr. Warrender. Based on Dr. Mandracchia's conclusion that the movant did not suffer from a mental disease or defect, nor that movant was of diminished mental capacity, Radke chose not to use Dr. Mandracchia as an expert witness.

Radke testified that he did not call Dr. Warrender to testify or submit his report to the jury because while movant was found to have a personality disorder, the doctor found no evidence of mental disease or defect. Therefore, Radke believed that such evidence would be counter-productive to movant's case. Evidence of movant's mental condition was presented through testimony of movant, his mother and stepfather. Radke did state that during a bench conference, the trial judge indicated that he was not inclined to submit, to the jury, an instruction on mental disease or defect. The attorney testified that despite the judge's comment, he submitted the instruction; once the judge overruled the submission, a record was made and the judge's refusal to submit the instruction served as one of movant's grounds in his motion for new trial and on direct appeal.

An allegation of ineffective assistance of counsel relating to trial strategy does not provide a basis for post-conviction relief. *Stuckey v. State*, 756 S.W.2d 587, 593 (Mo.App.1988). The simple failure to raise an objection does not constitute ineffective assistance of counsel. *Smith v. State*, 714 S.W.2d 778, 780 (Mo.App.1986).

■ The record refutes movant's allegations and supports the motion court's conclusion that trial counsel's actions were not improper but rather resulted from decisions of trial strategy. Trial counsel's advice to movant, not to answer any questions posed by Dr. Warrender about the events of April 10, 1986, was not premised or an erroneous interpretation of Mo.Stat. § 552.035.5 RSMo.1986; rather the record clearly shows that Mr. Radke understood that the examination could not be admitted in evidence on the issue of whether movant committed the act charged. However as trial counsel anticipated that the movant would testify in his own defense, it was not unreasonable for trial counsel to be concerned about potential inconsistencies in movant's statements that could be used for impeachment purposes.

■ Likewise, it was a matter of sound trial strategy for movant's trial counsel not to call Dr. Warrender as his testimony would have undermined movant's defense of mental disease or defect. *Camillo v. State*, 757 S.W.2d 234, 238 (Mo.App.1988).

■ Evidence presented at the evidentiary hearing indicates that trial counsel attempted to present a defense of mental disease or defect, despite the nearly insurmountable conclusions of two mental health experts. Trial counsel hired a mental health expert, but as a matter of trial strategy, chose not to call him to testify as his conclusions were contrary to movant's claims of mental disease or defect. Trial counsel presented lay testimony in an effort to support the defense. While such evidence was adjudged insufficient to support an instruction on mental disease or defect, *State v. Stewart*, 714 S.W.2d 724, 727 (Mo.App.1986), trial counsel preserved the point for appellate review. Therefore, no prejudice resulted from trial counsel's

failure to request a mistrial. Further, the record shows that a mental disease or defect defense was not movant's only basis for his defense. Movant alleged that he was, in fact, the intended victim and that Blair's death was accidental. Therefore, we fail to find that movant was prejudiced.

Movant next contends that trial counsel was ineffective for failing to present evidence regarding injuries sustained by movant in an automobile accident four weeks prior to the incident on April 10, 1986. Movant argues that physicians in Dayton, Ohio, where the accident occurred, refused to perform orthopedic surgery due to movant's erratic and uncooperative mental condition; that such evidence regarding his mental state should have been presented to the jury.

■ The record shows that although movant failed to provide the name of his treating physicians in Ohio, trial counsel investigated movant's claim. Dr. Gondring, movant's treating physician upon his return to Missouri, testified as to movant's physical condition and produced movant's medical records. Movant, his mother, and step-father testified as to the incident and movant's mental condition. At the evidentiary hearing, movant failed to provide the names and addresses of the treating physicians in Ohio; failed to present the alleged medical records; and failed to demonstrate that any alleged erratic or uncooperative mental condition observed four weeks prior to Blair's murder was probative as to movant's mental condition or conduct on April 10, 1986. *See Kennedy v. State*, 771 S.W.2d 852, 858 (Mo.App.1989); § 552.030.1 RSMo.1986. We find movant's contention without merit.

■ Movant alleges that trial counsel was ineffective for failing to fully investigate the facts and circumstances surrounding the felonious assault charge. The record shows that the victim, Anderson, testified as to the assault and the resulting injuries. The testimony of a single witness is sufficient to establish the identity of a criminal defendant if the jury believes it beyond a reasonable doubt. *State v. Bold-*

*er,* 635 S.W.2d 673, 679 (Mo. banc 1982), *cert. denied,* 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983). Movant fails to provide facts as to what specific information further investigations would have uncovered and how such information would have aided or improved movant's trial position. *Morris v. State,* 756 S.W.2d 654, 656 (Mo.App.1988). We fail to find that the motion court was clearly erroneous in concluding that a failure to investigate the victim's medical records did not prejudice the movant.

■ Movant next argues that trial counsel was ineffective because he committed a violation of the rules of discovery which prejudiced movant. Movant's contention is based on trial counsel's failure to provide to the State prior to trial, a memorandum prepared by an accident reconstructionist, Dr. Foreman. Dr. Foreman testified at trial regarding movant's defense of accident. When the State learned of the memorandum, it used the memorandum to impeach the testimony of Dr. Foreman. Due to his failure to comply with the rules of discovery, trial counsel was admonished by the trial court and fined one hundred dollars. All events related to trial counsel's improper conduct occurred out of the hearing of the jury; the jury was not aware of trial counsel's breach of the rules, the admonishment, or the fine.

This Court finds movant's argument without merit. The information used to impeach Dr. Foreman was admissible under the rules of evidence. Movant fails to meet his burden of showing that he was prejudiced by his trial counsel's improper conduct.

Movant contends that trial counsel was ineffective in failing to ask for a continuance or recalling Dr. Foreman in an effort to rehabilitate his testimony.

■ During the evidentiary hearing, movant's trial counsel stated that he did not ask for a continuance or recall Dr. Foreman because he felt that Dr. Foreman's testimony would have been detrimental to movant's case. Trial counsel chose not to emphasize the discrepancies between Dr. Foreman's testimony and his memorandum. This decision was a matter of sound trial strategy and not a basis for postconviction relief. *Jackson v. State,* 729 S.W.2d 253, 255 (Mo.App.1987).

Movant alleges that trial counsel was ineffective for failing to object or ask for a mistrial after the trial judge made allegedly impartial comments. Movant bases his allegation on statements made to trial counsel, Radke, by the trial judge during a bench conference. The trial judge questioned Radke's defense tactics in that Radke, during voir dire, conceded to the jury that movant Wolford committed the acts charged. The defenses presented to the jury were mental disease or defect, self-defense, and accident. Radke testified at the evidentiary hearing that he neither objected to the judge's comments or requested a mistrial because all comments were made outside the hearing of the jury.

■ Trial counsel's failure to object or ask for a mistrial was unlikely to have been successful nor would it have changed the result of the trial. *Bailey v. State,* 754 S.W.2d 38, 39 (Mo.App.1988); *Neal v. State,* 703 S.W.2d 570, 572 (Mo.App.1986). We fail to find that trial counsel's failure to object to or request a mistrial was prejudicial to movant's cause.

In movant's final allegation of ineffective assistance of counsel, movant claims that trial counsel was ineffective for failing to request an instruction on character or traits of defendant bearing on guilt or innocence. The general rule is that instructional errors are not cognizable in a Rule 29.15 proceeding. *Young v. State,* 761 S.W.2d 725, 727 (Mo.App.1988). An exception arises only if the error rises to the level of a constitutional error. *Williams v. State,* 712 S.W.2d 404, 406 (Mo.App.1986).

Evidence presented at the evidentiary hearing indicates that witnesses for the movant testified as to movant's reputation in the community as being nonviolent. Such character evidence on behalf of the movant would support an instruction on character in a homicide or assault case. *State v. Manning,* 682 S.W.2d 127, 130–31 (Mo.App.1984). Trial counsel testified that

he could not recall why he had made no request for such an instruction.

A review of the record indicates that trial counsel should have requested a jury instruction on character. However, under the standard delineated by *Strickland*, the postconviction movant must not only show that trial counsel's performance was deficient, but that the deficient performance prejudiced movant's cause. *Choate v. State*, 762 S.W.2d 87 (Mo.App.1988). Prejudice requires the existence of a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Brooks v. State*, 760 S.W.2d 532 (Mo.App.1988). Even if no justification could be asserted for trial counsel's failure to request the instruction, movant fails to demonstrate the probability that he would have received a more favorable result if the character instruction had been given or that the omission was prejudicial. *Pogue v. State*, 750 S.W.2d 497, 500 (Mo.App.1988).

The record indicates evidence sufficient to support movant's conviction. Movant made threats, prior to April 10, 1986, to kill both Blair and his wife with his .12 gauge shotgun; he unlawfully entered his wife's trailer while armed with the shotgun; and immediately following the shooting movant pursued his wife to the Anderson trailer, where he assaulted Robert Anderson. Therefore, we do not find the motion court's finding clearly erroneous in that trial counsel's failure to request a character instruction was not so prejudicial as to deprive movant of a fair trial. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064.

Judgment affirmed.

All concur.