STATE of Wisconsin, Plaintiff-Respondent,

v.

Lawrence P. PETERS, Jr., Defendant-Appellant.†

Court of Appeals

*No. 99–1940–CR. Submitted on briefs January 19, 2000.—Decided May 16, 2000.*

2000 WI App 154

(Also reported in 615 N.W.2d 655.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jane Krueger Smith*, Oconto Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, *William L. Gansner*, assistant attorney general; and *Catharine D. White*, assistant district attorney, Shawano.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Lawrence Peters collaterally attacks a prior criminal conviction for operating after revocation that enhanced his penalty in this case for subsequently operating after revocation. In the prior conviction, Peters pled no contest and was sentenced via closed-circuit television. Although the closed-circuit television procedure violated statutory criminal procedure, we conclude that the procedure did not violate Peters' constitutional due process rights. Accordingly, we affirm the judgment.

## BACKGROUND

¶ 2. Peters' appeal arises from the statutory scheme providing progressive penalties for successive convictions of operating a motor vehicle after revocation (OAR) or suspension of a license. Peters was convicted of fifth-offense OAR, contrary to WIS. STAT. § 343.44(1),[1] for driving while his license was revoked in April 1999.

¶ 3. Prior to pleading no contest, Peters filed a motion attacking, for sentencing purposes, the validity of his second OAR conviction that occurred in 1996.[2]

---

[1] Peters also pled no contest to operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited blood alcohol content, both as second offenses. The validity of these convictions is not challenged here.

All statutory references are to the 1995–96 edition unless otherwise indicated.

[2] Because Peters' revocation in this case was related to operating a motor vehicle while under the influence of intoxicants, his penalties were considerably greater. WISCONSIN STAT. § 343.44(2g) (1997–98) provides for progressively greater penalties for each successive conviction that is OWI-related. For the fifth or subsequent conviction, the statute sets forth a minimum

Peters did not seek a fact-finding hearing on his motion and presented no evidence other than the plea and sentencing transcript of the 1996 closed-circuit television hearing. Although the circuit court acknowledged that there might have been a violation of statutory criminal procedure, the court concluded that any error was harmless. The court denied Peters' motion, after which Peters entered a plea of no contest.[3]

¶ 4.   Peters claims the closed-circuit television procedure violated his due process rights because he had an absolute right to be physically present in court during his plea and sentencing hearing. He argues that his plea and sentencing are unreliable because of the "inherently coercive nature of jail for an unrepresented defendant . . . ."

---

$2,000 fine and six months in jail. *See* WIS. STAT. § 343.44(2g)(e). For a fourth offense, he would have faced a minimum $1,500 fine and 60 days in jail. *See* WIS. STAT. § 343.44(2g)(d).

[3] After we decided that this case merited a decision by a full panel, the attorney general was given an opportunity to file a brief with this court. In that brief, the State raised the new argument that Peters waived his appellate issue by pleading no contest. "It is well-established that a plea of no contest, knowingly and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claimed violations of constitutional rights." *State v. Lechner*, 217 Wis. 2d 392, 404 n.8, 576 N.W.2d 912 (1998) (citing *State v. Riekkoff*, 112 Wis. 2d 119, 123, 332 N.W.2d 744 (1983)). However, the State has not cited any case where the defendant waived a purely sentencing issue. We are not persuaded that a defendant must proceed to trial in order to preserve this type of appellate issue, which is wholly unrelated to the substantive offense tried. Accordingly, we address the issue.

## DISCUSSION

■

¶ 5.   Peters' collateral challenge to his prior OAR conviction presents a question of law that we decide on the basis of undisputed facts. We decide questions of law without deference to the circuit court. *See State v. Woods*, 117 Wis. 2d 701, 715–16, 345 N.W.2d 457 (1984).

¶ 6.   Before reaching the issue presented, we must determine the appropriate analytical framework for Peters' collateral challenge to a prior conviction that enhances his sentencing penalty. We find that framework in *State v. Baker*, 169 Wis. 2d 49, 485 N.W.2d 237 (1992).[4] *Baker* allowed a defendant to collaterally attack his prior conviction by claiming that he did not knowingly, voluntarily and intelligently enter his plea.[5] *See id.* at 55. The defendant satisfied his initial burden by establishing a facial violation of WIS. STAT. § 971.08(1), but only because that violation implicated a "constitutional right that would affect the reliability of the prior conviction, that is that would affect the integrity of the truth-finding process." *Id.* at 70 (citing *Burgett v. Texas*, 389 U.S. 109 (1967)). There-

---

[4] Our supreme court has accepted, but not yet decided, a certification to review the validity of *State v. Baker*, 169 Wis. 2d 49, 485 N.W.2d 237 (1992), in light of the United States Supreme Court's decision in *Custis v. United States*, 511 U.S. 485 (1994). *See State v. Hahn*, No. 99–0554–CR, 1999 WL 1123725 (Wis. App. Dec. 8, 1999) (certification). *Custis* decided that defendants may only collaterally attack previous convictions on the ground that they were denied the right to counsel. *See id.* at 496.

[5] *Baker* also allowed the defendant to collaterally attack another conviction claiming that he never waived his right to counsel. *See id.* at 55.

fore, in order to attack a prior conviction, *Baker* requires a defendant to initially establish a constitutional violation that affects its reliability. With this analytical framework, we turn to Peters' argument.

A.  Statutory Criminal Procedure

■

¶ 7.  Peters claims a violation of WIS. STAT. § 971.04(1). Section 971.04(1) provides that a defendant shall be present at the arraignment and at the imposition of sentence.[6] Our supreme court has previously interpreted this statute as identifying the stages of the criminal process where a defendant must be physically present. *See State v. Vennemann*, 180 Wis. 2d 81, 93, 508 N.W.2d 404 (1993).[7] Peters did not explicitly waive his right to be physically present, and we agree with the circuit court that the closed-circuit

---

[6] WISCONSIN STAT. § 971.04 provides:

**Defendant to be present. (1)** Except as provided in subs. (2) and (3), the defendant shall be present:

(a)  At the arraignment;

(b)  At trial;

(c)  During voir dire of the trial jury;

(d)  At any evidentiary hearing;

(e)  At any view by the jury;

(f)  When the jury returns its verdict;

(g)  At the pronouncement of judgment and the imposition of sentence;

(h)  At any other proceeding when ordered by the court.

[7] Although this requirement is not absolute, *see* WIS. STAT. §§ 967.08(2)(d), 971.04(2), none of the statutory exceptions applies.

television procedure violated statutory criminal procedure.[8]

## B. Due Process Argument

¶ 8. According to *Baker*, however, we must still decide whether Peters has established a violation of a constitutional right that affects the reliability of the conviction. *See id.* at 70. Peters claims that the closed-circuit television procedure violated his constitutional rights to due process.[9] Wisconsin courts have recognized that "the presence of the defendant is required as a constitutional condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *May v. State*, 97 Wis. 2d 175, 186, 293 N.W.2d 478 (1980) (citing *Snyder v. Massachusetts*, 291 U.S. 97, 107, 108 (1934)).

¶ 9. The due process requirement for physical presence stands in contrast to the constitutional requirement at issue in *Baker*: For accepting a no contest plea, *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969), "requires an *affirmative* showing or *an allegation and evidence* which show that the defendant entered the plea knowingly, voluntarily and intelligently." *See Baker*, 169 Wis. 2d at 73 (emphasis added). As explained in *Baker*, however, *Boykin* does not set

---

[8] We note that several states have adopted closed-circuit television procedures. Our independent research indicates, however, that those jurisdictions require the defendant to explicitly waive any right he or she might have to be physically present when pleading guilty. *See, e.g.*, MO. ANN. STAT. § 561.031 (West 2000). Courts in those jurisdictions have rejected numerous challenges to the constitutionality of those procedures. *See, e.g., Guinan v. State*, 769 S.W.2d 427, 430–31 (Mo. 1989), *cert. denied*, 493 U.S. 900.

[9] *See* U.S. CONST. amend. XIV; WIS. CONST. art. I, § 8(1).

forth the specific procedural requirements that a circuit court must follow in accepting a no contest plea. *See Baker*, 169 Wis. 2d at 73. Because Wisconsin courts had interpreted WIS. STAT. § 971.08 as specifying those procedures, the *Baker* defendant satisfied his initial burden by establishing a violation of § 971.08. *See Baker*, 169 Wis. 2d at 73.

¶ 10.  Comparatively, WIS. STAT. § 971.04(1) has not been interpreted to specify constitutionally mandated procedures. Therefore, a statutory violation of § 971.04(1) does not automatically translate into a constitutional violation. To meet his initial burden, Peters must show that the closed-circuit television procedure denied him a fair and just hearing. *See May*, 97 Wis. 2d at 186.

¶ 11.  We conclude that the closed-circuit television procedure did not violate Peters' due process rights. During the hearing, the court clarified for Peters the elements of the offense and the ramifications of a decision to waive counsel. The court explained the constitutional rights Peters would be waiving by entering his plea. Peters stated that he understood his rights and wanted to plead no contest. The court inquired of Peters' education and his physical condition. On two separate occasions the court asked Peters if anyone had threatened him or coerced him into entering his plea and waiving his constitutional rights. Peters answered each time that he had not been coerced or threatened. The judge was able to observe Peters' demeanor, and Peters was able to observe the judge. Peters did not object to the procedure, and freely explained that he desired to plead no contest and did not want the assistance of counsel. The court accepted Peters' plea and sentenced him accord-

ing to a negotiated recommendation. Other than conducting the hearing by closed-circuit television, the plea and sentencing followed appropriate procedure.[10]

¶ 12.   We note that there is no indication from Peters now that he was coerced or threatened by outside forces. Peters does not even suggest that he lacked an ability to effectively communicate with the judge and other participants in the courtroom. We conclude that the record clearly and convincingly indicates that the hearing's fairness and justness was not thwarted by Peters' physical absence. *See May*, 97 Wis. 2d at 186.

¶ 13.   We reject Peters' contention that entering a no contest plea from jail by closed-circuit television is always coercive or violative of due process.[11] We agree with a Florida district court of appeals that noted that

---

[10] Peters also claims that he was denied his right to confrontation contrary to art. I, § 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution. The right to confrontation, however, is generally recognized as a trial right, *see,e.g., State v. Drusch*, 139 Wis. 2d 312, 331, 407 N.W.2d 328 (Ct. App. 1987), and there is no confrontation right at sentencing. *See Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Moreover, the appropriate question generally involved in a confrontation clause analysis is whether there has been any interference with the defendant's opportunity for effective cross-examination. *See Kentucky v. Stincer*, 482 U.S. 730, 744 n.17 (1987). Peters fails to develop any appellate argument incorporating an analysis of the confrontation clause, and we do not address that issue further. *See State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987).

[11] This is not to say that every form of communication can be satisfactorily conducted by closed-circuit television. For example, where a defendant was forced to communicate with his attorney over closed-circuit television, a reviewing Florida

"an audio-video hookup may well be the legal equivalent of physical presence."[12] *Scott v. Florida,* 618 So. 2d 1386, 1388 (Fla. Dist. Ct. App. 1993). Absent any substantiated allegations of unfairness, we are not persuaded that simply appearing live via closed-circuit television, as opposed to being physically present in the courtroom, would inherently damage the fairness or justness of the plea hearing.[13]

*By the Court.*—Judgment affirmed.

---

court found the procedure unfair. *See Seymour v. Florida,* 582 So. 2d 127 (Fla. Dist. Ct. App. 1991).

[12] We note that video use today is widespread and is an acceptable means of conducting the commercial business of the world, affairs between nations, political debate, the process of education and of communicating artistic achievement. Video and audio systems have also been increasingly used and relied upon to conduct a variety of court proceedings.

[13] We also conclude that Peters was properly sentenced via closed-circuit television. Even though Peters failed to develop this separate issue, we address it because sentencing presents different constitutional concerns. A defendant has a due process right to be present at a sentencing hearing and to be afforded the right of allocution. *See State v. Varnell,* 153 Wis. 2d 334, 340, 450 N.W.2d 524 (Ct. App.1989).

The record indicates, however, that the proceeding was conducted fairly. Peters had the opportunity to address the court for allocution. He took advantage of that right and asked the court for time to make arrangements for his children because he was a single parent. The court explained that it was unable to release Peters, but it did provide for Huber privileges. The court also developed a suitable payment plan with Peters' financial capacity in mind. In conclusion, the record clearly and convincingly indicates that the sentencing hearing was conducted fairly and gave Peters every opportunity to address the court.

HOOVER, P.J. *(concurring).* I concur, but write to emphasize what I perceive as our core holding. It is not hard to conceive that a pro se incarcerated defendant could find being in a room in the jail with only corrections staff present a coercive environment in which to enter an inculpatory plea. Our opinion can be read to hold that to the extent it is true that this scenario may breed coercion, more must be shown. In order to implicate due process, the defendant must make specific showings that the environment was coercive in fact and the manner in which the circumstances affected his or her decision to plead guilty or no contest.