STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy A. VENNEMANN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 92–0749–CR. Oral argument September 8, 1993.—Decided December 7, 1993.*

(Also reported in 508 N.W.2d 404.)

For the defendant-appellant-petitioner there were briefs by *Donald K. Schott, Erica M. Eisinger* and *Quarles & Brady*, Madison and oral argument by *Erica M. Eisinger*.

For the plaintiff-respondent the cause was argued by *William C. Wolford*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

JANINE P. GESKE, J.   This case is before the court on a petition for review by the defendant, Timothy A. Vennemann, of an unpublished decision of the court of appeals, dated October 27, 1992, which affirmed a judgment and order of the circuit court for Burnett County, James H. Taylor, Circuit Judge. At trial, Vennemann was convicted of being party to the crimes of armed burglary, burglary, felony theft, criminal damage to property, and misdemeanor theft and

was sentenced to an aggregate term of ten years in prison.

In his postconviction motion requesting a new trial, Vennemann alleged newly discovered evidence, the state's failure to disclose a witness statement which might have exculpated Vennemann, and the interest of justice. During the hearing, the defense added an allegation of ineffective assistance of trial counsel.

Prior to and again at the hearing, Vennemann's postconviction counsel moved to produce Vennemann from prison. The circuit judge denied the motions but permitted Vennemann to listen to the hearing by means of a phone link between the prison and the courtroom. During the course of that hearing, Vennemann complained several times that he had a bad connection and could not hear the proceedings. At the conclusion of the hearing, the court denied the motion for a new trial.

The issues presented to this court are:

(1) whether, pursuant to sec. 971.04(1)(d), Stats.,[1] Vennemann had the right to be physically present at his postconviction evidentiary hearing;

---

[1] Section 971.04(1), Stats., provides as follows:

**971.04 Defendant to be present. (1)** Except as provided in subs. (2) and (3), the defendant shall be present:

    (a)   At the arraignment;

    (b)   At trial;

    (c)   At all proceedings when the jury is being selected;

    (d)   At any evidentiary hearing;

    (e)   At any view by the jury;

    (f)   When the jury returns its verdict;

    (g)   At the pronouncement of judgment and the imposition of sentence;

    (h)   At any other proceeding when ordered by the court.

(2)    whether Vennemann was denied the effective assistance of counsel guaranteed by the sixth amendment to the United States Constitution and art. I, sec. 7 of the Wisconsin Constitution;

(3)    whether, pursuant to sec. 805.15(3), Stats.,[2] Vennemann is entitled to a new trial based on newly discovered evidence and the state's failure to disclose, prior to trial, a witness statement exculpating him; and

(4)    whether a new trial is warranted in the interest of justice, pursuant to sec. 805.15(1), Stats.[3]

We hold that sec. 971.04(1), Stats., applies only to the pretrial, trial, sentencing and judgment phases of criminal procedure and that it is inapplicable to postconviction evidentiary hearings brought pursuant to sec. 974.02 and sec. (Rule) 809.30(2)(h), Stats.[4]

---

[2] Section 805.15(3), Stats., provides as follows:

**805.15  New trials. . . .**

. . .

**(3)**    Newly-discovered evidence. A new trial shall be ordered on the grounds of newly-discovered evidence if the court finds that:

(a)    The evidence has come to the moving party's notice after trial; and

(b)    The moving party's failure to discover the evidence earlier did not arise from lack of diligence in seeking to discover it; and

(c)    The evidence is material and not cumulative; and

(d)    The new evidence would probably change the result.

[3] Section 805.15(1), Stats., provides as follows:

**(1)**    Motion. A party may move to set aside a verdict and for a new trial because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages, or because of newly-discovered evidence, or in the interest of justice. Motions under this subsection may be heard as prescribed in s. 807.13. Orders granting a new trial on grounds other than in the interest of justice, need not include a finding that granting a new trial is also in the interest of justice.

[4] Section 974.02, Stats., provides as follows:

We do conclude, however, that since the evidence offered at Vennemann's postconviction evidentiary hearing raised "substantial issues of fact as to events in which [he had] participated," Vennemann's physical presence was required. *State v. Hatch,* 144 Wis. 2d 810, 830, 425 N.W.2d 27 (Ct. App. 1988); *United States v. Hayman,* 342 U.S. 205 (1952).

Finally, we hold that sec. 967.08, Stats.,[5] does not authorize the use of telephone proceedings in a post-

---

**974.02 Appeals and postconviction relief in criminal cases. (1)** A motion for postconviction relief other than under s. 974.06 by the defendant in a criminal case shall be made in the time and manner provided in ss. 809.30 and 809.40. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3), 809.30 and 809.40. An appeal of an order or judgment on habeas corpus remanding to custody a prisoner committed for trial under s. 970.03 shall be taken under ss. 808.03(2) and 809.50, with notice to the attorney general and the district attorney and opportunity for them to be heard.

**(2)** An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised.

Section (Rule) 809.30(2)(h), Stats., provides as follows:

**809.30 Rule (Appeals in felony cases)** . . . .

. . .

**(2)** Appeal or postconviction motion by defendant. . . .

(h) The defendant shall file a notice of appeal or motion seeking postconviction relief within 60 days of the service of the transcript . . . .

[5] Section 967.08, Stats., provides in relevant part:

**967.08 Telephone proceedings** . . . .

**(2)** The court may permit the following proceedings to be conducted under sub. (1) with the consent of the defendant. The defendant's consent and any party's showing of good cause for not conducting the proceeding under sub. (1) may be made by telephone.

(a) Initial appearance under s. 970.01.

conviction evidentiary hearing brought pursuant to secs. 974.02 and 809.30(2)(h), Stats., when the defendant's presence is required because of substantial issues of fact. The circuit court erroneously exercised its discretion when it refused to order Vennemann's production for the hearing. Therefore, we reverse and remand for a new evidentiary hearing at which Vennemann shall be physically present.

On the record presented for appeal, we do affirm the court of appeals on the remaining issues. However, Vennemann will have the opportunity to further develop the evidence on these issues at his new hearing.

The facts relevant to this review are as follows.[6] On February 24, 1991, six adults—Rick Glaser, Ricky Scharrer, David Morseth, Missy Schmied, Amy Christiansen, and Nikki Butts—met at Butts' apartment in the Twin Cities, Minnesota. From there, they planned to drive in two cars to Burnett County, Wisconsin, to attend the "water skip" snowmobile races and to drink at local bars. Timothy Vennemann joined the group shortly before they departed, riding with Christiansen and Butts in Christiansen's car. Glaser, Morseth, Scharrer, and Schmied rode in Butts' car. Before leaving Minnesota, Glaser and Morseth placed a

---

(b)   Waiver of preliminary examination under s. 970.03, competency hearing under s. 971.14(4) or jury trial under s. 972.02(1).

(c)   Motions for extension of time under ss. 970.03(2), 971.10 or other statutes.

(d)   Arraignment under s. 971.05, if the defendant intends to plead not guilty or to refuse to plead.

[6] The state generally agreed with Vennemann's facts, exclusive of the judicial proceedings involving David Morseth, Ricky Scharrer, and Nikki Butts. For the purposes of this review, we will consider only those facts relevant to the prosecution and conviction of Vennemann.

sledgehammer, wonderbar, and crowbar in the trunk of Butts' car in case the opportunity to commit a crime arose.

The group spent the evening at several bars in Burnett County, eating pizza, playing pool, and drinking. After separating around 12:30 or 1:00 a.m., the three women—Christiansen, Schmied, and Butts—returned to Minnesota in Christiansen's car. In dispute throughout the prosecution of Vennemann was whether Vennemann left with the three women or stayed behind to participate in the burglaries of four bars in Burnett and Polk Counties during the early morning hours of February 25, 1991.

At Vennemann's preliminary hearing, Scharrer testified that Vennemann participated in the burglaries. On cross-examination, however, Scharrer admitted that he had given contrary statements to both the Burnett County and St. Paul police, exonerating Vennemann from any involvement in the crimes. At the same preliminary hearing, Morseth also stated that Vennemann was a participant in the crimes.

By the time of Vennemann's trial, both Morseth and Glaser refused to testify, invoking the fifth amendment. Scharrer did, however, testify that Vennemann was involved in the crimes. On cross-examination, Scharrer was impeached by means of the prior inconsistent statement given to the Burnett County police, first disclosed at the preliminary hearing.

Additional trial witnesses included Amy Christiansen (Vennemann's girlfriend) and her mother, both of whom testified that Vennemann returned to Minnesota with Christiansen and was not involved in the crimes. However, Nikki Butts testified that Vennemann was not in Christiansen's car during the return trip.

On the strength of the trial testimony from Scharrer and Butts, as well as the preliminary hearing testimony of Morseth, the jury convicted Vennemann of being a party to the crimes of burglary, armed burglary, felony and misdemeanor theft, and criminal damage to property. The circuit judge sentenced Vennemann to a term of ten years.

Vennemann's appointed appellate counsel brought a postconviction motion pursuant to secs. 974.02 and 809.30(2)(h), Stats., for a new trial, on three grounds. First, he requested a new trial based on newly discovered evidence, in the form of statements from Morseth, Glaser, and Taffy Butts (Nikki's sister). In an affidavit, Morseth recanted his earlier statement implicating Vennemann. Similarly, Glaser made a statement following his own conviction, exonerating Vennemann from any involvement in the crimes. Taffy Butts, who did not go with the group to Wisconsin and who was not called as a witness during the trial, testified at the postconviction motion hearing that when she picked up her sister in Minnesota on the morning of February 25, 1991, Vennemann was not there. She also stated that: (a) Scharrer told her Vennemann did not participate in the crimes but had passed out in a cabin in Wisconsin; (b) Morseth told her Vennemann was not involved but that he (Morseth) was angry with Vennemann and could get a better deal for himself by testifying against Vennemann; and (c) her sister admitted she had been too drunk that night to remember much, but feared that if she did not testify against Vennemann, she would be charged with conspiracy to commit the burglaries.

Second, defense counsel requested a new trial based on the state's failure to disclose to the defense

prior to trial the Scharrer statement to Burnett County police which exonerated Vennemann.

Third, the defense moved for a new trial in the interest of justice.

During the postconviction motion hearing a fourth issue was raised when Vennemann's appellate counsel alleged ineffective assistance of the trial lawyer.

At the time the postconviction motion was filed, Vennemann was incarcerated. Both before and at the evidentiary hearing, the circuit court denied requests to produce Vennemann for the proceeding. The circuit court did permit Vennemann to listen to the proceedings by telephone. However, throughout the hearing, Vennemann complained that the connection was faulty and occasionally completely failed, so that he could not hear what was being said in the courtroom.[7] At the conclusion of the evidentiary portion of the hearing, the connection was cut off, and prison authorities would

---

[7] During the postconviction evidentiary hearing, Taffy Butts was called as a witness. At several points during her testimony, Vennemann complained that he could not hear the testimony given. For example:

> THE COURT:  Miss Butts, it might be better for you to take a chair and sit close to the speakerphone.
>
> MR. KUTZ: [District Attorney]:  Mr. Vennemann, can you still hear what is going on?
>
> MR. FINDLEY: [Defense Counsel]:  Tim, can you here [sic] us?
>
> THE DEFENDANT:  I can hear the judge all the time but you can't hear nobody else. Hello?
>
> MR. FINDLEY:  Can you adjust the speaker?
>
> MR. KUTZ:  Yes. We are trying to put some sort of microphone in the back that lets you pick up the judge better than us.
>
> THE DEFENDANT:  Yeah, keep on picking up the judge. I seem to be getting little words here and there from my lawyer and that is about it.

not allow Vennemann to rejoin the proceeding. The circuit court denied Vennemann's motion for a new trial.[8] Vennemann appealed from the judgment and the order denying postconviction relief.

The court of appeals reviewed the circuit court's decision to conduct the postconviction evidentiary hearing by phone and concluded that because Vennemann was, in fact, present at the hearing, his rights under sec. 971.04(1)(d), Stats., were not violated. The court of appeals reached three additional conclusions. First, Vennemann was not denied assistance of counsel, since he had access to his attorney prior to and throughout the hearing. Second, the newly discovered evidence, when considered separately, did not warrant a new trial. Third, the second Scharrer statement should have been disclosed prior to trial. However, the failure to do so was harmless, since the statement was actually available to the defense at trial.

Vennemann argues that, pursuant to sec. 971.04(1)(d), Stats., he had a right to be physically present at his postconviction evidentiary hearing. Section 971.04(1), Stats., sets forth those proceedings at which the defendant is to be present. They include the arraignment, trial, all proceedings when the jury is being selected, any evidentiary hearing, any view by the jury, when the jury returns its verdict, at the pronouncement of judgment and the imposition of

---

[8] In his decision, the judge made the following conclusions: the new testimony by Taffy Butts, Rick Glaser, and David Morseth would not have resulted in a different conclusion by the jury; the failure to disclose the second Scharrer statement was improper, but the statement was not clearly exculpatory, and it was in fact available for use by the defense at trial; and the interest of justice did not require a new trial since the real controversy had been tried.

sentence, and at any other proceeding when ordered by the court.

The construction of a statute and its application to a set of facts is considered a question of law, requiring this court's review *de novo. City of Muskego v. Godec*, 167 Wis. 2d 536, 545, 482 N.W.2d 79 (1992). *See also In Interest of J.A.L.*, 162 Wis. 2d 940, 962, 471 N.W.2d 493 (1991) (a question on the legal standard set by a statute is really a question as to the meaning of the statute, requiring *de novo* review). The primary purpose of such a review is to ascertain the intent of the legislature by first examining the plain language of the statute. *Id.*

Section 971.04(1), Stats., does not encompass a postconviction evidentiary hearing. The legislature has listed, with particularity, stages of the criminal process, up to and including pronouncement of the judgment, at which the defendant must be physically present. The proceedings enumerated in sec. 971.04(1) which require the defendant's presence do not include a postconviction evidentiary hearing. Consequently, the statutory right to be present, pursuant to sec. 971.04(1), ends upon the pronouncement of judgment and the imposition of sentence.[9]

Under the facts of this case, however, we hold that Vennemann should have been physically present at his postconviction evidentiary hearing.

> Whether the prisoner should be produced depends upon the issues raised by the particular case.

---

[9] The holding in *Hatch* is thus modified to the extent that sec. 971.04(1)(d), Stats., does not include a postconviction evidentiary hearing.

> Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing.

*Hayman,* 342 U.S. at 223. In *Sanders v. State,* 69 Wis. 2d 242, 230 N.W.2d 845 (1975), this court adopted the *Hayman* principle that a prisoner should be present at a sec. 974.06, Stats., postconviction evidentiary hearing when there exist substantial issues of fact to be resolved.[10] In order to determine whether a prisoner should be physically produced for a postconviction evidentiary hearing pursuant to sec. 974.02 *or* sec. 974.06, the following test should be used. First, upon the filing of a motion to produce a prisoner for a postconviction

---

[10] Section 974.06, Stats., provides in relevant part as follows:

**974.06 Postconviction procedure. . . .**

. . .

(5)  A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. . . .

In *Sanders,* the postconviction motion raised only issues of law; no substantial issues of fact were alleged. *Sanders,* 69 Wis. 2d at 265. The court then held:

> 'It can thus be concluded that the presence of the petitioner and an evidentiary hearing are not necessary unless (1) there is a substantial issue of fact, and (2) there is something to support the contention beyond the mere allegation. The additional support could come from the defendant himself, from trial counsel, from the record, or from the prosecutor. The determinations as to the necessity for ordering an evidentiary hearing on the motion and the necessity or desirability of the presence of the petitioner at such hearing are discretionary and will be upset only for an abuse of that discretion.'

*Id.* (quoting Howard B. Eisenberg, *Post-Conviction Remedies in the 1970's,* 56 Marq. L. Rev. 69, 82 (1972)).

The *Hayman* reasoning was also adopted by the court of appeals in *Hatch,* 144 Wis. 2d at 830.

94

hearing, the circuit court must review the motion papers to determine whether there are substantial issues of fact as to events in which the prisoner participated. Second, the circuit court must then ascertain that those issues are supported by more than mere allegations. *Sanders*, 69 Wis. 2d at 265. If both prongs of the test are satisfied, the court must order the defendant physically produced for the hearing.

Vennemann satisfied the first prong of the test when he raised substantial issues of fact in the form of newly discovered evidence supporting his claim that he was not in Wisconsin at the time the crimes were committed. The second prong was also satisfied. Vennemann's claims were supported by a preliminary hearing transcript, a witness statement, and an affidavit. Vennemann, therefore, should have been physically present to hear the testimony and to consult and assist his counsel.

Here, as in *Hatch*, "[t]he defendant [was] peculiarly situated to assist in trying such a motion because he . . . participated in the events as to which" the witnesses at the hearing testified. *Hatch*, 144 Wis. 2d at 831. For example, Vennemann's physical presence at the hearing was essential in order for him to confer with counsel regarding the veracity of Taffy Butts' testimony that her sister, Nikki, was too drunk to remember much of what happened that night. In addition, Vennemann could have confirmed or denied testimony by Glaser that Vennemann was not dressed, as the other men were, to participate in the crimes. Finally, Vennemann would have been able to verify Morseth's statement that Vennemann returned to Minnesota with the women before the other men committed the crimes. Vennemann's motion clearly raised

substantial issues of fact as to events in which he participated. Consequently, the circuit court erroneously exercised its discretion in failing to produce Vennemann for the hearing.

■

The court of appeals held that Vennemann was present at the hearing by means of the telephone pursuant to sec. 967.08, Stats. We conclude that when a defendant must be physically present, sec. 967.08 does not authorize the use of a telephone in a postconviction evidentiary hearing pursuant to secs. 974.02 and 809.30(2)(h).[11] Section 967.08 specifically enumerates proceedings intended to be included within the parameters of the statute. There is no mention of a postconviction evidentiary hearing. We apply the principle of statutory construction that a specific alternative in a statute is reflective of the legislative intent that any alternative not so enumerated is to be excluded. *In Interest of C.A.K.*, 154 Wis. 2d 612, 621,

---

[11] Section 967.08, Stats., was created by Wisconsin Supreme Court order in October, 1987. 141 Wis. 2d xiii, xxvii (1987). The rule was developed by the Judicial Council and the Committee on Electronic Technology, as one of several which would allow many judicial hearings and conferences to be conducted by phone. In the design and implementation of sec. 967.08, an evidentiary hearing pursuant to secs. 974.02 and 809.30(2)(h) is not included in the list of judicial proceedings which may be conducted by phone. In 1990, this court had the opportunity to consider amendments to the rules of pleading, practice and procedure regarding the use of the telephone in judicial proceedings. Postconviction hearings were not added at that time to the existing list of proceedings which may be conducted by phone. 158 Wis. 2d xvii, xix (1990). Additionally, it must be noted that sec. 967.08 applies to criminal proceedings such as the one at issue. It is distinguished from sec. 807.13, Stats., which applies to telephone proceedings in civil cases.

453 N.W.2d 897 (1990). A postconviction evidentiary hearing pursuant to secs. 974.02 and 809.30(2)(h), Stats., clearly is not a criminal proceeding which may be conducted by telephone.

Vennemann alleges that he was denied his constitutional right to effective assistance of counsel because of his trial lawyer's failure to call Taffy Butts as a witness. To demonstrate ineffective assistance of counsel, a defendant must establish that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If the facts have been established, whether counsel's representation was deficient and, if it was, whether it was prejudicial are questions of law, which we determine *de novo*." *State v. Marty*, 137 Wis. 2d 352, 356–57, 404 N.W.2d 120 (Ct. App. 1987) (citing *State v. Pitsch*, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985)).

■

We find that the defense counsel's conduct was not deficient because it did not exceed the " 'wide range of professionally competent assistance.' " *See State v. Johnson*, 133 Wis. 2d 207, 217, 395 N.W.2d 176 (1986) (quoting *Strickland*, 466 U.S. at 690). We also agree with the circuit court's conclusion that the outcome of the trial would not have been different had Taffy Butts testified, because she could have been easily impeached by other inconsistent testimony. Vennemann, therefore, failed to show the requisite prejudice to justify the granting of a new trial. *Strickland*, 466 U.S. at 687. The circuit court properly denied the motion.

■

Vennemann argues that he was entitled to a new trial because of newly discovered evidence and wrong-

fully withheld exculpatory evidence. The circuit court found that the introduction of the newly discovered evidence would not have resulted in different verdicts. Additionally, the court concluded that the failure to produce the exculpatory statement prior to trial was harmless, since it was actually available to the defense at trial, and did not fundamentally alter Vennemann's defense strategy. The "newly discovered evidence," according to Vennemann, consisted of testimony from Taffy Butts and from three others implicated in the crimes: Rick Glaser, David Morseth, and Ricky Scharrer. The circuit court properly exercised its discretion when it denied Vennemann's motion, since the evidence did not come to his attention *after* the trial. Section 805.15(3)(a), Stats. "[W]hatever evidence [a] co-defendant may now present on the defendant's behalf, it is not newly discovered. Instead, it always existed and the defendant was always aware of its existence." *United States v. Carlin*, 573 F. Supp. 44, 47 (N.D. Ga. 1983). Though Vennemann may have been unaware of the exact testimony each witness would give, the evidence was in existence at the time of the trial. Based upon this record, the circuit court properly exercised its discretion when it denied Vennemann's motion for a new trial based upon newly discovered evidence.

Additionally, the circuit court denied the motion for new trial in the interest of justice. Based upon this record, we agree with the court of appeals' determination that the real controversy was tried, with no miscarriage of justice. *State v. Wyss*, 124 Wis. 2d 681, 735, 370 N.W.2d 745 (1985). Therefore, Vennemann's motion was properly denied.

In conclusion, we reverse that part of the decision of the court of appeals which held that Vennemann was present for his hearing and remand this case to the circuit court for the purpose of holding a new postconviction evidentiary hearing at which Vennemann shall be physically present. We affirm the court of appeals decision on the other issues presented. Vennemann will have the opportunity at his new postconviction hearing to further develop the facts and issues presented in his motion.

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part, and the case is remanded to the circuit court for an evidentiary hearing consistent with this opinion.