STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul L. POLAK, Defendant-Appellant.†

Court of Appeals

*No. 01–1873–CR. Submitted on briefs March 7, 2002.—Decided April 3, 2002.*

**2002 WI App 120**

(Also reported in 646 N.W.2d 845.)

† Petition to review denied 7-26-02.

588

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Philip J. Brehm* of Janesville.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christian R. Larsen*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Paul L. Polak appeals from a judgment of conviction for uttering a forgery as a repeat offender and an order denying his motion for postconviction relief. Polak argues that the trial court erred in denying his motion for a new trial without an evidentiary hearing and in refusing to allow him to be produced to give testimony at the postconviction motion hearing. We disagree with Polak's contentions and affirm the judgment of conviction and the order denying postconviction relief.

## FACTS

¶ 2. On May 16, 2000, Polak was charged with uttering a forgery and theft by fraud, both as a repeat

offender. That day Polak made his initial appearance without counsel and indicated that he wanted to continue the case pro se. On May 24, 2000, Polak appeared for his preliminary hearing without counsel and again indicated that he wished to proceed pro se. Polak was bound over for trial and his arraignment was set for June 5, 2000.

¶ 3. On June 7, 2000, Polak appeared for his arraignment, without counsel, and again indicated that he did not wish to be represented by counsel. The trial court gave Polak some time to discuss with the State a potential resolution of the case. After a discussion off the record, the State indicated that an agreement had been reached. The State informed the trial court that upon Polak's plea to count one (uttering a forgery as a repeat offender), the State would move to dismiss and read in count two (theft by fraud as a repeater). At sentencing, the State agreed that it would either make no recommendation or agree with the recommendation of the presentence investigator. Polak agreed with the State's recitation of the agreement.

¶ 4. The trial court then informed Polak of the elements of uttering a forgery with a repeater penalty enhancer and discussed the waiver of counsel issue, notifying Polak that he had a right to counsel and that an attorney might be able to assist him with potential defenses or other considerations. Polak indicated that no one had threatened or promised him anything in exchange for his waiver of his right to counsel. The trial court then showed Polak a waiver of attorney form which Polak indicated he had reviewed, understood and signed. The trial court then found Polak had freely, voluntarily and intelligently waived his right to counsel and accepted his plea of no contest to count one.

¶ 5. At the September 8, 2000 sentencing hearing, the district attorney expressed uneasiness with Polak's self-representation, in light of the potential period of imprisonment, and strongly recommended that Polak seek counsel prior to sentencing. Polak agreed to contact the public defender's office and to have an attorney appointed for the next court proceeding.

¶ 6. Polak was finally sentenced on October 25, 2000, this time appearing with counsel. The State made no sentencing recommendation and the presentence report recommended a three- to five-year initial confinement followed by four to six years' extended supervision. The trial court sentenced Polak to six years' initial confinement and fourteen years' extended supervision, consecutive to a sentence previously imposed in Dane county.

¶ 7. On May 4, 2001, Polak filed a postconviction motion requesting a new trial, alleging a denial of the right to counsel, and sentence credit; two affidavits were filed in support of this motion, one from Polak and another from his attorney. A hearing on this motion was held on June 29, 2001. While Polak appeared by telephone, the trial court determined that his presence at the hearing was unnecessary. Pursuant to a written order filed on July 9, 2001, the trial court granted Polak's motion for sentence credit but denied his motion for a new trial. Polak appeals.

## DISCUSSION

¶ 8. The right to the assistance of counsel is necessary to ensure that a criminal defendant receives a fair trial, that all defendants stand equal before the law and ultimately that justice is served. *State v.*

*Klessig*, 211 Wis. 2d 194, 201, 564 N.W.2d 716 (1997). A criminal defendant in Wisconsin is guaranteed this fundamental right to the assistance of counsel for his or her defense by both article I, section 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution. *Klessig*, 211 Wis. 2d at 201–02. The scope, extent and interpretation of the right to assistance of counsel is identical under both the Wisconsin and the United States Constitutions. *Id.* at 202–03.

¶ 9. The Sixth Amendment and article I, section 7 of the Wisconsin Constitution also give a defendant the right to conduct his or her own defense. *Klessig*, 211 Wis. 2d at 203. Just as the right to the assistance of counsel is identical under the Wisconsin and United States Constitutions, the right to represent oneself is also indistinguishable. *Id.*

¶ 10. The United States Supreme Court has recognized that the right to represent oneself seems to conflict with the right to the assistance of counsel and that the interaction of these two rights "creates somewhat of a dilemma for the trial judge who is confronted with the unusual defendant who desires to conduct his own defense." *Id.* When a defendant seeks to proceed pro se, the trial court must insure that the defendant (1) has knowingly, intelligently and voluntarily waived the right to counsel and (2) is competent to proceed pro se. *Id.* If these conditions are not satisfied, the trial court must prevent the defendant from representing himself or herself or deprive the defendant of his or her constitutional right to the assistance of counsel. *Id.* at 203–04. However, if the defendant knowingly, intelligently and voluntarily waives his or her right to the assistance of counsel and is competent to proceed pro se, the trial

court must allow the defendant to do so or deprive him or her of the right to represent himself or herself. *Id.* at 204.

¶ 11. Whether a defendant has knowingly, intelligently and voluntarily waived his or her right to counsel requires the application of constitutional principles to the facts of the case, which we review independently of the trial court. *Id.* Whether an individual is denied a constitutional right is a question of constitutional fact that this court reviews independently as a question of law. *Id.* Nonwaiver is presumed unless waiver is affirmatively shown to be knowing, intelligent and voluntary. *Id.* The State has the burden of overcoming the presumption of nonwaiver. *Id.*

¶ 12. The specific requirements for a valid waiver were originally set forth by the Wisconsin Supreme Court in *Pickens v. State*, 96 Wis. 2d 549, 292 N.W.2d 601 (1980). *Klessig*, 211 Wis. 2d at 204. The *Pickens* court concluded that in order for an accused's waiver of counsel to be valid, the record must reflect not only his or her deliberate choice to proceed without counsel, but also his or her awareness of the difficulties and disadvantages of self-representation, the seriousness of the charge or charges he or she is facing and the general range of possible penalties that may be imposed if he or she is found guilty. *Klessig*, 211 Wis. 2d at 205 (citing *Pickens*, 96 Wis. 2d at 563–64). The *Pickens* court also stated that a colloquy on each of the above factors is not necessary in every case. *Klessig*, 211 Wis. 2d at 205 (citing *Pickens*, 96 Wis. 2d at 564).

¶ 13. However, *Klessig* overruled *Pickens* to the extent that *Klessig* mandates the use of a colloquy in every pro se case to establish knowing and voluntary waiver of the right to counsel. *Klessig*, 211 Wis. 2d at

206. Conducting such an examination of the defendant is the clearest and most efficient means of insuring that the defendant has validly waived his or her right to the assistance of counsel and of preserving and documenting that valid waiver for purposes of appeal and post-conviction motions. *Id.* Thus, a properly conducted colloquy serves the dual purposes of ensuring that a defendant is not deprived of his or her constitutional rights and of efficiently guarding our scarce judicial resources. *Id.*

¶ 14. To prove such a valid waiver of counsel, the trial court must conduct a colloquy designed to ensure that the defendant: (1) made a deliberate choice to proceed without counsel, (2) was aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charge or charges against him or her, and (4) was aware of the general range of penalties that could have been imposed upon him or her. *Id.* If the trial court fails to conduct such a colloquy, a reviewing court may not find, based on the record, that there was a valid waiver of counsel. *Id.*

¶ 15. When an adequate colloquy is not conducted, and the defendant makes a motion for a new trial or other postconviction relief from the trial court's judgment, the court must hold an evidentiary hearing on whether the waiver of the right to counsel was knowing, intelligent and voluntary. *Id.* at 206–07.

¶ 16. We conclude that the trial court conducted an adequate colloquy that demonstrates that Polak's waiver of the right to counsel was knowing, intelligent and voluntary; therefore, an evidentiary hearing on this issue was unnecessary.

¶ 17. We must note that at every step of this case, Polak was cautioned about self-representation. At his initial appearance on May 16, 2000, the following exchange occurred:

THE COURT: Mr. Polak, you do not wish the assistance of the public defender's office?

[POLAK]: No, I don't.

THE COURT: Do you understand that you are facing a very serious felony charge for which you could receive a $10,000 fine and/or up to 21 years incarceration?

[POLAK]: Yes, I do.

THE COURT: You desire to proceed without the assistance of an attorney?

[POLAK]: Yup.

THE COURT: Are you going to retain private counsel?

[POLAK]: Nope.

THE COURT: You are going to go ahead without any assistance whatsoever?

[POLAK]: Yes, sir.

. . . .

THE COURT: ... I would urge you to consider an attorney through the public defender's office or otherwise, you are going to be in over your head in terms of dealing with very serious charges and the penalties if convicted.

[POLAK]: I understand.

At his May 24, 2000 preliminary hearing, Polak was again warned against appearing without counsel:

THE COURT: You are appearing without an attorney?

[POLAK]: Yes, sir.

THE COURT: You have chosen to appear without an attorney. I think I went over with you the seriousness of the offense and you would be best served with an attorney, and you indicated you do not wish the services of an attorney, you did not wish to talk to the public defender's office?

[POLAK]: Yes, sir.

THE COURT: And you do not want advocate counsel nor do you wish to obtain a private attorney?

[POLAK]: Yes, sir.

THE COURT: You are prepared to proceed?

[POLAK]: Yes.

THE COURT: And you are prepared to represent yourself?

[POLAK]: Yes.

Finally, at the scheduled arraignment, the following discussion took place:

THE COURT: ... Was it your intention to seek representation on your own or retaining an attorney or what?

[POLAK]: Nope.

596

THE COURT: Okay. When you say nope, what do you mean?

[POLAK]: None of the above.

THE COURT: Okay. You understand it's still my decision if you represent yourself not yours?

[POLAK]: Exactly.

THE COURT: And it's going to take me a period of time to cover with you the aspects of that 'cause I wasn't expecting it this morning concerning your waiver of right to attorney so if you are unsuccessful representing yourself and I authorize you to do so, you don't have a grounds for appeal; in other words, saying the Court should have appointed me an attorney. All right?

[POLAK]: All right.

THE COURT: Then the second part of that is I have to be sure you are competent to represent yourself; in other words, you have enough education and/or experience, because you can still be held to the rules of law. There may be some disadvantages concerning potential defenses that might be available which you could potentially overlook and other things . . . .

[POLAK]: Well, I was thinking of hopefully getting this done as quickly as possible.

¶ 18. Polak then indicated that he wished to enter into a plea agreement with the State; the trial court allowed Polak and the State time for negotiations. The State then informed the trial court that a plea agreement had been reached; Polak would plead to count one and the State would move to dismiss count two. Before accepting the plea, the trial court required Polak to

597

execute a written waiver of right to attorney form.[1] The trial court then engaged Polak in the following discussion:

> THE COURT: ... Now, because this is a criminal matter, you do have certain rights. You have a right to have an attorney represent you. If you can't afford an attorney, one could be appointed through the public defender's office although you may have an obligation to repay them for their services.
>
> I wasn't there on May 8. I don't know if you went to the Firstar Bank. I don't know if you presented a check. I don't know if there are circumstances concerning this matter where an attorney may be able to assist you with potential defenses or other considerations that

---

[1] The waiver of right to an attorney form, signed by Polak, reads as follows:

> The undersigned, being the defendant in the above case, hereby waives the right to be represented by an attorney in these proceedings.
>
> I speak, read and write, [sic] the English language. I understand that I have the right to be represented by an attorney at all proceedings in this case; that if I cannot afford an attorney one will be appointed to represent me by the State Public Defender at no cost. I do understand, however, that if I am convicted and am placed on probation or fined, the Court may require me to reimburse reasonable attorney's fees.
>
> I also understand that an attorney may be helpful in assisting me in defending against the crime with which I have been charged, that a lawyer is experienced in the proceedings before the court and that a lawyer may know of defenses available to me or procedures which may result in the case being dismissed or the charge being reduced because of facts or circumstances not known to me.
>
> Knowing the above, I desire to waive my right to have an attorney represent me in this case, and I make this waiver freely and voluntarily without any threats or promises made to me to give up my right to an attorney.

may be available in terms of resolving the matter. If you proceed today by entering the plea, you'd obviously be waiving that right to an attorney because for most practical purposes the case is basically close to disposition if I accept the plea today. Do you understand that?

[POLAK]: Yes, I do.

THE COURT: Has anyone threatened you in any way to waive your right to counsel?

[POLAK]: No, they haven't.

THE COURT: Are you doing it of your own free will?

[POLAK]: Yes, I am.

THE COURT: Did anyone make a promise to you to get you to waive your right to an attorney?

[POLAK]: No.

THE COURT: Now, in relation to this matter I'm also holding up a waiver of right to attorney form. Have you read this and signed it?

[POLAK]: Yes, sir, I did.

THE COURT: First of all, do you have any question concerning the contents of that document, the rights contained in the waiver of right to attorney form? Anything about that document you don't understand that I can explain for you?

[POLAK]: No, sir.

THE COURT: Okay. Consequently, then, understanding the nature of the right to have an attorney represent you, it's your desire to waive that right and proceed today? Is that a correct statement?

[POLAK]: Yes.

THE COURT: For the record, then, the Court finds the defendant has freely, voluntarily, intelligently waived his right to counsel and the Court will proceed.

¶ 19. Based upon this record, we conclude that Polak understood the perils of self-representation and sufficiently acknowledged such perils on the record. We place particular emphasis on the written waiver of counsel form, used in conjunction with the oral colloquy, because that form unequivocally states Polak's awareness of the assistance an attorney could provide and that an attorney might discover helpful things unknown to Polak. In addition, the form states that an attorney might be able to get the charge reduced, which directly belies Polak's argument that he was unaware that an attorney might succeed in obtaining a better plea bargain.

¶ 20. Polak argues that the written form is insufficient because *Klessig* requires a personal colloquy. However, the trial court did not use the written form as a substitute for a personal colloquy but used it to supplement the colloquy between it and Polak.

¶ 21. Polak further argues that *State v. Vennemann*, 180 Wis. 2d 81, 508 N.W.2d 404 (1993), required his presence at the postconviction motion hearing challenging the adequacy of the plea hearing.[2] In *Vennemann*, the Wisconsin Supreme Court held that under certain circumstances, a defendant must be produced for a postconviction hearing:

---

[2] One could argue that Polak has waived appellate review of this issue. Although postconviction counsel requested the court's permission to offer Polak's testimony during the hearing, counsel did not file a motion asking that Polak be produced, did not argue that Polak needed to be present in person to do so and did not object when Polak appeared via telephone.

In order to determine whether a prisoner should be physically produced for a postconviction evidentiary hearing pursuant to sec. 974.02 *or* sec. 974.06, the following test should be used. First, upon the filing of a motion to produce a prisoner for a postconviction hearing, the circuit court must review the motion papers to determine whether there are substantial issues of fact as to events in which the prisoner participated. Second, the circuit court must then ascertain that those issues are supported by more than mere allegations. If both prongs of the test are satisfied, the court must order the defendant physically produced for the hearing.

*Vennemann*, 180 Wis. 2d at 94–95 (citation omitted).

■■■

¶ 22. However, since the trial court conducted an adequate plea colloquy, and thus there were no substantial issues of fact to resolve, it was not necessary for Polak to be physically produced for the hearing. *Id.*

## CONCLUSION

¶ 23. We conclude that the trial court's colloquy with Polak, supplemented by the waiver of right to attorney form read and signed by Polak, adequately demonstrates that his waiver of right to counsel was knowing, intelligent and voluntary. Consequently, an evidentiary hearing on this matter was unnecessary. Furthermore, because the trial court conducted an adequate plea colloquy, Polak's physical presence at the hearing was equally unnecessary. We therefore affirm the judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.