STATE of Wisconsin, Plaintiff-Appellant,

v.

Brad E. FORBUSH, Defendant-Respondent.†

Court of Appeals

*No. 2008AP3007–CR. Submitted on briefs November 10, 2009.
—Decided December 29, 2009.*

2010 WI App 11

(Also reported in 779 N.W.2d 476.)

† Petition for Review granted 3/16/10.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *J.B. Van Hollen*, attorney general and *Aaron R. O'Neil*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Craig A. Mastantuono* and *Rebecca M. Coffee* of *Mastantuono law office*, Milwaukee.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Brad Forbush was represented by an attorney on charges of sexual assault and false imprisonment. Nevertheless, the police questioned him and he confessed. *State v. Dagnall*, 2000 WI 82, 236 Wis. 2d 339, 612 N.W.2d 680, held that the Sixth Amendment prohibits police from questioning someone represented by an attorney on criminal charges without the attorney present. So the circuit court suppressed Forbush's confession.

¶ 2. Sometime after the circuit court's decision, the United States Supreme Court held that the Sixth Amendment does not bar police from questioning a represented defendant in a criminal case. *Montejo v.*

*Louisiana*, 556 U.S. ___, 129 S. Ct. 2079 (2009). We conclude that *Montejo* effectively overrules *Dagnall*. We further conclude the Wisconsin Constitution does not provide greater protection to Forbush. Therefore, we reverse the circuit court's suppression order.

## BACKGROUND

¶ 3.   On May 8, 2008, Forbush was charged with attempted second-degree sexual assault and false imprisonment. The complaint alleged that Forbush invited Kelly S., a neighbor who sometimes babysat Forbush's children, into his Sheboygan County vacation home to watch a recording of her and the children. What Forbush played instead was a pornographic DVD. When Forbush—referring to the DVD— told Kelly that was what they were going to do, Kelly said "no" and began to back away. Forbush blocked her path and grabbed her as she tried leave, but Kelly managed to escape and run home.

¶ 4.   Forbush was arrested in Michigan the day after he was charged. He waived extradition and was returned to Sheboygan County. Upon his arrival, Forbush was questioned by deputy Cory Norlander. Norlander read Forbush his *Miranda* rights.[1] Forbush verbally waived his rights and completed a waiver of rights form. Forbush admitted showing Kelly a sexually explicit DVD, confirmed she rebuffed his suggestion they engage in sexual intercourse, and admitted he attempted to restrain her.

¶ 5.   Forbush moved to suppress his statements, arguing, as relevant here, that his Sixth Amendment right to an attorney was violated. Forbush claimed he was represented by an attorney when Norlander ques-

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

tioned him because someone from a law firm contacted the district attorney and indicated the firm either did or was going to represent him. Because he was in fact represented, Forbush claimed *Dagnall* prohibited questioning of him without his attorney present and made his waiver of counsel invalid. The circuit court granted the motion. The State appeals.[2]

## DISCUSSION

■

¶ 6.   The crux of this appeal concerns whether the circuit court properly suppressed Forbush's statements. When reviewing a circuit court's ruling whether to suppress evidence, we uphold the circuit court's findings of fact unless clearly erroneous. *State v. Vorburger*, 2002 WI 105, ¶ 32, 255 Wis. 2d 537, 648 N.W.2d 829. The application of those facts to constitutional principles, however, is a question of law we decide independently. *Id.*

¶ 7.   The State and Forbush agree the circuit court's decision to grant Forbush's suppression motion was based entirely on our supreme court's holding in *Dagnall*. They disagree, in light of *Montejo*, whether *Dagnall* is still good law.[3]

---

[2] At the Michigan extradition hearing, Forbush appeared with his brother, a Michigan attorney. Forbush argued this buttressed his claim that he was represented on the criminal charges. We question whether either the telephone call to the district attorney or the brother's appearance at the extradition hearing constituted representation in this criminal case. However, for the purposes of this opinion we are assuming he was represented because we conclude that even a represented defendant can waive the right to an attorney.

[3] *Montejo v. Louisiana*, 556 U.S. ___, 129 S. Ct. 2079 (2009), was decided after this appeal was taken, so the circuit court did not have the benefit of its analysis.

## 1. The vitality of *Dagnall*.

¶ 8.   Dagnall was charged with homicide in Dane County and later arrested in Florida. After he was arrested, a Wisconsin attorney delivered a letter to the Dane County Sheriff's Department advising that he represented Dagnall and requesting that Dagnall not be questioned. Nevertheless, sheriff's detectives questioned Dagnall twice—once in Florida and once back in Dane County. Both times they read Dagnall his *Miranda* rights, obtained his waiver, and questioned him without his attorney present.

¶ 9.   Dagnall moved to suppress the statements he made to the detectives, arguing his Sixth Amendment right to counsel was violated. Our supreme court agreed, holding the Sixth Amendment protects defendants from police interrogation if the defendant is formally charged and is represented by an attorney on that charge. *Dagnall*, 236 Wis. 2d 339, ¶ 67.

¶ 10.   Central to this conclusion was the court's interpretation of a rule the United States Supreme Court articulated in *Michigan v. Jackson*, 475 U.S. 625 (1986). There, the Court considered whether a prophylactic rule it had previously only applied to the Fifth Amendment also applied to the Sixth Amendment. The rule, established in *Edwards v. Arizona*, 451 U.S. 477 (1981), provides that the Fifth Amendment precludes police from continuing an interrogation once a suspect invokes the right to an attorney. *Jackson*, 475 U.S. at 626. *Jackson* concluded this rule should be extended to the Sixth Amendment, holding that "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." *Id.* at 636. In a

later case, the Court reiterated that a defendant's waiver of the right to an attorney is ineffective once it has attached and has been invoked, but it did not specify how it must be invoked. *McNeil v. Wisconsin,* 501 U.S. 171, 175–79 (1991). As discussed above, Wisconsin concluded the right is automatically invoked as soon as a defendant is represented. *See Dagnall,* 236 Wis. 2d 339, ¶ 67.

¶ 11.   In *Montejo,* Montejo appeared in court and an attorney was appointed to represent him. Later that day, detectives asked Montejo to show where he had earlier indicated a murder weapon was located. They read Montejo his *Miranda* rights, which he waived. During the excursion he wrote an inculpatory apology letter. After returning, Montejo met his attorney who objected to the questioning of Montejo outside the attorney's presence. The Louisiana Supreme Court concluded the trial court properly denied Montejo's suppression motion.

¶ 12.   On appeal to the United States Supreme Court, Montejo proposed an interpretation of *Jackson* much like the one our state supreme court adopted in *Dagnall*:   police may not initiate any further interrogation once a charged defendant is represented. *Montejo,* 129 S. Ct. 2079, 2085. The Court rejected this proposal and went further. It overruled *Jackson,* concluding the rule's purpose—protecting defendants from police badgering—could be adequately achieved through rules articulated in other case law. *Id.* at 2090. The Court stated that under the *Miranda-Edwards-Minnick* line of cases, "a defendant who does not want to speak to the police without counsel present need only say as much when he is first approached and given the *Miranda* warnings. At that point, not only must the immediate contact end, but 'badgering' by later re-

quests is prohibited." *Id.* (discussing *Minnick v. Mississippi*, 498 U.S. 146 (1990), *Edwards v. Arizona*, 451 U.S. 477 (1981), and *Miranda v. Arizona*, 384 U.S. 436 (1966)).

¶ 13. We agree with the State that when the Supreme Court overruled Jackson, it also effectively overruled *Dagnall*. Not only did *Dagnall*'s holding rely on the Jackson rule, but *Montejo* eschewed *Dagnall*'s central tenet: that the right to an attorney is automatically invoked as soon as a defendant is represented. *See Montejo*, 129 S. Ct. 2079, 2085. *Montejo* overruled this interpretation of the Sixth Amendment.

## 2. The Wisconsin Constitution.

¶ 14. Despite *Montejo*'s holding, Forbush argues we should independently interpret the Wisconsin Constitution to prohibit interrogation of a represented defendant outside the presence of his or her attorney. *See State v. Ward*, 2000 WI 3, ¶ 59, 231 Wis. 2d 723, 604 N.W.2d 517 (it is our responsibility to examine provisions of the state constitution independently). However, we have previously held that "the scope, extent and interpretation of the right to assistance of counsel is identical under [both constitutions]," *State v. Polak*, 2002 WI App 120, ¶ 8, 254 Wis. 2d 585, 646 N.W.2d 845, and we discern no reason to deviate from this interpretation now.

¶ 15. First, the language providing this right in our state constitution is virtually identical to that in the federal constitution. Article I, § 7, of the Wisconsin Constitution provides, "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel." Similarly, the Sixth Amendment of the United

264

States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Although "textual similarity or identity is not conclusive," *State v. Dubose*, 2005 WI 126, ¶ 40, 285 Wis. 2d 143, 699 N.W.2d 582, it is significant. "[W]here the language of the provision in the state constitution is virtually identical to that of the federal provision or where no difference in intent is discernible, Wisconsin courts have normally construed the state constitution consistent with the United States Supreme Court's construction of the federal constitution." *State v. Jennings*, 2002 WI 44, ¶ 39, 252 Wis. 2d 228, 647 N.W.2d 142 (internal punctuation and citation omitted). Indeed, although *Dagnall* acknowledged art. I, § 7 "also affords accused persons with the right to counsel," *Dagnall*, 236 Wis. 2d 339, ¶ 28 n.6, it did not distinguish between our constitutional provision and its federal corollary. Instead, *Dagnall*'s holding was based entirely on the court's interpretation of federal Sixth Amendment jurisprudence.

¶ 16. Further, the history of Wisconsin case law up to *Jackson* and *Dagnall* did not prohibit law enforcement officers from questioning charged and represented defendants. For example, in *State v. Mazur*, 90 Wis. 2d 293, 280 N.W.2d 194 (1979), our supreme court evaluated a Sixth Amendment challenge by a represented defendant who waived his right to have his attorney present before talking with police. The court specifically rejected the argument that a represented defendant cannot waive the right to counsel. *Id.* at 308; *see also Schilling v. State*, 86 Wis. 2d 69, 84–85, 271 N.W.2d 631 (1978) ("That a defendant has counsel does not automatically require exclusion of a statement obtained from him in counsel's absence provided the

defendant knowingly, intelligently, and voluntarily waived his rights."). It was only beginning with *Dagnall* that Wisconsin courts—based on the Sixth Amendment, not the Wisconsin Constitution—interpreted the right to an attorney to prohibit interrogation of charged and represented defendants outside the attorney's presence. Thus, historically Wisconsin's Constitution has not provided greater protection than the United States Constitution to a charged defendant's right to an attorney.

## CONCLUSION

■

¶ 17.    Forbush's suppression motion was based entirely on his claim that he could not waive the right to an attorney. However, in *Montejo* the Supreme Court held to the contrary:   police may interrogate a defendant charged with a crime who waives the right to an attorney. We conclude this holding is the law not only under the United States Constitution, but under the Wisconsin Constitution as well.

*By the Court.*—Order reversed and cause remanded.